UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DeSHAWN THOMAS,

                        Plaintiff,

           -against-

BLOISE, C.O. OF ORANGE COUNTY JAIL;
TOWN OF GOSHEN MUNICIPALITY,

                      Defendants.

21-CV-2045 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

      Plaintiff, currently detained in the Orange County Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants failed to protect him from a serious risk of harm. By order dated April 9, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A. Claims against the Town of Goshen

Plaintiff sues the Town of Goshen, but he alleges no facts suggesting that the Town of Goshen or its employees were involved in any alleged violation of his rights. Instead, Plaintiff asserts claims arising from events that occurred at the Orange County Correctional Facility. Although it is located in the Town of Goshen, the Orange County Correctional Facility is a county facility and its employees are employed by the County of Orange. The Court therefore dismisses Plaintiff's claims against the Town of Goshen for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the County of Orange, the Court construes the complaint as asserting claims against the County of Orange, and directs the Clerk of Court to amend the caption of this action to replace the Town of Goshen with the County of Orange. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the County of Orange may wish to assert.

### B. Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants County of Orange and Correction Officer Bloise through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Town of Goshen. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the County of Orange as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for the County of Orange and Correction Officer Bloise, and deliver to the U.S. Marshals Service all documents necessary to effect service to the defendants.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 26, 2021
White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1. The County of Orange
   Law Department
   255-275 Main Street
   Goshen, NY 10924

2. Correction Officer Bloise
   Orange County Jail
   110 Wells Farm Road
   Goshen, NY 10924